which the will was executed, and the whole history of the transaction satisfactorily show that the will was dictated by and expresses the mind of the testator."

*Winchester Britton*, for the appellants. *C. W. Pleasants*, for the respondents.

Opinion by GILBERT, J.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Order of Special Term denying motion for new trial reversed, and motion for new trial at General Term, in the first instance, granted, and new trial ordered at next circuit in Kings county.

CECILIA LOUISE WIGAND AND OTHERS, INFANTS BY EDWARD S. HUBBE, THEIR GUARDIAN AD LITEM, APPELLANTS, v. LOUIS DEJONGE AND AUGUSTA MORTENS INDIVIDUALLY, AND AS EXECUTORS, ETC., OF FRANCIS WIGAND, DECEASED, RESPONDENTS.

*Action to compel a trustee to account and for his removal — when the plaintiff will not be required to furnish a bill of particulars showing the specific irregularities complained of.*

APPEAL from an order made at Special Term, requiring the plaintiffs to furnish a bill of particulars.

The defendant Dejonge is executor and trustee under the will of Francis Wigand, deceased, and the plaintiffs are infant children of the testator. They accused him of malfeasance in the discharge of his duties as such trustee by making unlawful and improper investments upon inadequate securities, and misapplying the trust funds in payment of taxes and assessments upon vacant lots of land improperly purchased, and also of procuring an improper decree for a partial distribution of the estate.

The object of this action is to procure a division of the estate, and the removal of the defendant Dejonge as trustee, and a surrender of the estate to his co-trustee, the widow of the deceased and the mother of the plaintiffs.

The defendant Dejonge, on a motion for that purpose at the Special Term of the court, procured an order requiring the plaintiffs' attorney to serve a bill of particulars or statement, in writing, of plaintiffs' claim duly verified, setting forth what unlawful or improper investments the defendant has made in bond and mortgage, specifying them particularly; which of the said loans on bond and mortgage were usurious, and in what usury consisted; which of said loans on bond and mortgage were upon insufficient or inadequate security; which of said bonds and mortgages on vacant and unimproved lots in various parts of the city of Brooklyn were inadequate or insufficient; which of the bonds and mortgages given for usurious or illegal loans were in consequence foreclosed and bought in at the expense of the estate; what mortgages or securities set apart to the respective plaintiffs, upon the distribution thereof, did not represent the full par face value thereof, and also what is the actual value thereof, respectively, stating in each of the above cases the particulars of each bond and mortgage called for, and the particular charge constituting the same an improper investment.

The court at General Term said: "Orders for particulars are made in the interest of justice and for the purpose of its advancement. A party must not be sent to trial without knowledge of the accusation against him. He must be subjected to no surprise. But while this rule attains in the administration of justice another consideration of equal importance is, that the court will make no order which will shield the defendant from just responsibility. If the information sought is in the possession of the party asking it, then it will be plain that the application is stimulated by some motive other than a desire for specific details; and if it appears in addition that the parties from whom further particulars are asked are not in a situation to answer the demand and do not possess the facts, then, indeed, is presented a plain case for a refusal of the order. These principles must dispose of this appeal.

"The defendant has had full and entire charge of the estate of his testator from the time of the reception of his letters, and, of course, has personal knowledge of all his transactions. Now they are challenged; all of them have been accompanied with

documents or memorandums, and he is a competent witness for their explanation and justification. If they are just and lawful, he can show them such. The call upon him is for an account of his stewardship. The charge against him is a plain one, and it is no hardship to call upon him to answer it without further specification. On the contrary, the plaintiffs have been infants during the whole course of the defendant's adminstration, and two of them are yet of quite tender years. Neither of them have any personal knowledge of the management of their estate. All has been intrusted to the defendant, and all has been under his absolute control, and it is easy to see that the plaintiffs may be unable to comply with the sweeping order for particulars which has been made against them. If, therefore, they are prevented from going forward with this action until they finish the minute details called for by the order appealed from, the defendant has interposed a shield which will be a most effectual protection. It is plain to us that this order may have an oppressive operation, and we cannot give it our concurrence."

*Edward S. Hubbe*, for the appellants. *George J. Greenfield*, for the respondent, Dejonge.

Opinion by DYKMAN, J.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Order reversed, with costs and disbursements.

---

CÆSAR KOCH, RESPONDENT, *v.* THE VILLAGE OF EDGE-WATER, APPELLANT.

*Village of Edgewater — the trustees are bound to keep its sidewalks in repair.*

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages for an injury sustained by the plaintiff by falling, while passing along the sidewalk in the defendant village, owing to its defective condition.